Judge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment obtained by Davis in an ejectment brought by him against Grebbin in the court below.
Where a conveyance has been made under an enrolled decree, it is sufficient to shew the decree without the other proceedings, secus, if the decree had not been enroll'd. 1 Marsh, 93.
Haggin for appellee.
Five questions appear to have been made on the trial in that court.
The first involves an enquiry into the sufficiency of the clerk’s certificate to the transcript of a decree used in evidence.
And the second involves an enquiry into the propriety of that court’s refusal to instruct the jury to find as in case of a nonsuit.
With respect to the first question, no solid objection is perceived to the clerk’s certificate. It is in the usual form, and contains every substantial suggestion necessary to authorise the introduction of the transcript as evidence.
And with respect to the refusal of the court to instruct the jury, as in case of a nonsuit, we are also of opinion, there is no error.
The evidence introduced by Davis was clearly of a character from which the jury might fairly infer every fact necessary to authorise a verdict in his favor. For the purpose of proving title to the land, Davis did, it is true, introduce a decree and conveyance made in conformity thereto, pronounced against the heirs of Cowar, deceased; but that decree, although the previous proceedings were not introduced, we apprehend, when taken in connection with the other evidence in the cause, sufficiently demonstrates Davis’s right to the land.
From the decree itself, the heirs of Cowar, in whom the title seems then to have been, appear to be parties, and although before an enrolment, the bill and answers might be required before the decree would regularly be used in evidence, yet after an enrolment, and as in this case, after a sale and confirmation thereof by the court pronouncing the the decree, there is no necessity for introducing the proceedings previous to the decree.
Nor can the circumstance of the heirs’ being infants, alter the case, for as the court, pronouncing the decree, possessed the power of directing the sale of the lands, after a decree and sale, the proceedings must, prima facie, at least be presumed to have been correctly obtained.
The judgment must be affirmed with cost.

 Absent, Judge Rowan